WILLIAM BATER, Jr., v. ELIZABETH C. CLEAVER ET AL.

Submitted October 28, 1932—Decided January 31, 1933.

For the appellant, *William Charlton*.

For the respondents, *Thomson & Hanstein, Moore & Butler* and *Bolte & Tripician*.

The following opinion was prepared by the late Chief Justice Gummere, in compliance with the assignment to him. It clearly expresses the view of the court upon the matter involved in the litigation, and is adopted by the court as its own opinion in the cause.

The opinion of the court was delivered by

GUMMERE, CHIEF JUSTICE. This appeal is taken from the action of the Supreme Court in dismissing the complaint of the plaintiff, upon the ground that it shows no cause of action, and directing judgment to be entered in favor of the defendants.

The complaint alleges that on the 22d day of July, 1930, one Joseph F. Byrne entered into an agreement with Morris

Elfman and wife, by the terms of which Byrne agreed to purchase from them certain premises which they owned in Atlantic City. At the time of the making of said agreement there was a mortgage upon the premises, made by Elfman and his wife to one Elizabeth Cleaver, in the sum of $15,000, which had been reduced to $10,000, and had then been assigned by the mortgagee to the Margate Trust Company as security for certain loans obtained by her from that company.

Shortly after the making of the said agreement for sale, Mrs. Cleaver and the Margate Trust Company entered into a contract with Byrne, by the terms of which she and the company stipulated that they would not foreclose the mortgage for six months from the date fixed for settlement (the six months expiring December 1st, 1930), provided that Byrne would place in escrow with the Atlantic Guaranty and Title Insurance Company, one of the present defendants, the sum of $2,131.50, to be held by said company until the said 1st day of December, and then to be repaid to Byrne if on that day the mortgage had been satisfied and all taxes which were liens on the premises had been paid. The contract further provided that if the mortgage had not been satisfied or the taxes paid at the expiration of the period named, the Atlantic Guaranty and Title Insurance Company was to continue to hold said fund until the mortgage had been fully satisfied, and if the mortgage was foreclosed and the mortgagee did not receive the full amount of the indebtedness secured thereby, then and in that event so much of the $2,131.50 as was necessary to fully satisfy the indebtedness should be paid to the mortgagee, and the balance, if any, returned to Byrne or his assigns. At the expiration of the six months following the time fixed for the settlement—that is, for the settlement of the agreement for purchase—such settlement had not been executed, and shortly thereafter Mrs. Cleaver instituted suit in the Court of Chancery to foreclose her mortgage. The suit went to final decree. A *fieri facias* was issued, and by virtue of its mandate the sheriff of Atlantic county, on the 28th of May, 1931, sold the premises to Mrs.

Cleaver for the sum of $100, which sale was duly confirmed and a deed therefor delivered to her.

The complaint then goes on to state that Mrs. Cleaver or the Margate Trust Company, or both of them, after this sale failed to enter any judgment for the deficiency against Elfman, the owner, but, instead of doing so, released to some unknown person Elfman's liability for the deficiency for the sum of $12,000, and after that was done applied to the Atlantic Guaranty and Title Insurance Company for the $2,131.50 deposited by Byrne, and that the company thereupon turned over the money to Mrs. Cleaver. Subsequently Byrne assigned any interest that he might have in this fund to the plaintiff, and the present suit was thereupon brought, the claim being that the payment by the Atlantic Guaranty and Title Insurance Company to Mrs. Cleaver was without legal justification under the facts stated, and the appeal is rested upon this contention.

We consider that the claim of the appellant, the plaintiff below, that the payment above referred to was without legal justification is well founded. The right of Mrs. Cleaver and of the Margate Trust Company as her assignee, if that condition still existed at the time of the payment of the deposit, was to receive from the Atlantic Guaranty and Title Insurance Company so much of the moneys deposited by Byrne as was necessary to pay the amount due to the one or the other of them as a part of the mortgage indebtedness. After the foreclosure, they were entitled under the statute to bring an action against Elfman on the bond to recover from him the amount of the deficiency within six months after the sheriff's sale. This right, however, lapsed in case the deficiency was paid by Elfman or any liability on his part to make such payment was released by the holders of the bond. As has already been stated, after the amount of the deficiency had been ascertained, all interest in the debt which was secured by the bond and mortgage made by Elfman was transferred to Mrs. Cleaver and the Margate Trust Company to an unknown person for the sum of $12,000, and in the making of the transfer they released Elfman from any liability to pay

any part of the deficiency. The effect of the transfer was to wipe out, so far as they were concerned, any of the indebtedness secured by the bond and mortgage and by necessary implication to surrender any claim to the fund deposited by Byrne in escrow with the Atlantic Guaranty and Title Insurance Company. That claim having been extinguished, the Atlantic Guaranty and Title Insurance Company was obligated to return the money deposited with it to Byrne or his assignee, the present plaintiff.

For the reason indicated, we conclude that the judgment under review should be reversed.

*For affirmance*—None.

*For reversal*—THE CHANCELLOR, TRENCHARD, PARKER, LLOYD, CASE, BODINE, DONGES, BROGAN, HEHER, KAYS, HETFIELD, WELLS, KERNEY, JJ. 13.